UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL DENOIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00344-SEB-TAB |
| | ) |
| ROCHE DIAGNOSTICS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Michael Denoia ("Mr. Denoia") brought this action against his former employer, Defendant Roche Diagnostics Corporation ("Roche"), alleging employment discrimination based on religion and age, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; and the Arizona Civil Rights Act ("ACRA"), Ariz. Rev. Stat. Ann. §§ 41-1463 *et seq.* Now before the Court is Roche's Motion for Judgment on the Pleadings, dkt. 18, pursuant to Federal Rule of Civil Procedure 12(c), which motion seeks judgment on Count I of Mr. Denoia's Amended Complaint, dkt. 15. As explained below, that motion is **DENIED**.

**LEGAL STANDARD**

Under Rule 12(c), "a party may move for judgment" once "the pleadings are closed," so long as such motion is brought early enough not to delay trial. Fed. R. Civ. P. 12(c). Much "[l]ike Rule 12(b) motions, courts grant Rule 12(c) motions only if 'it appears beyond

1

doubt that the plaintiff cannot prove any facts that would support his claim for relief.' " *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. Gen. Elec. Cap. Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The moving party must, therefore, "demonstrate that there are no material issues of fact to be resolved." *Id.* In reviewing "the complaint, the answer, and any written instruments attached as exhibits," we must take the facts in the light most favorable to the nonmoving party. *Id.*; *e.g.*, *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

## BACKGROUND

We recite the facts below as they are relevant to Count I, wherein Mr. Denoia alleges that Roche discriminated against him on the basis of religion, in violation of Title VII and the ACRA.

In August 2021, Roche enacted a vaccine mandate, which required all its employees to receive the COVID-19 vaccine by November 15, 2021. Roche also instituted a process whereby employees could request religious and medical exemptions.

At the time Roche announced the vaccine mandate, Mr. Denoia worked as a Roche Server Technician. When he submitted a religious exemption request that fall, however, Roche denied his request on the grounds that he worked in a "customer-facing role." Am. Compl. ¶ 14, dkt. 15. To avoid termination, Mr. Denoia accepted an alternate, "lesser" position with Roche as a Trainer/Designer, which position was available for a "fixed term" ending on December 31, 2022. *Id.* ¶ 16.

In early November 2021, Mr. Denoia contacted the Equal Employment and Opportunity Commission ("EEOC"), and, on May 23, 2022, he filed his initial Charge of

Discrimination ("Charge"). Four months later, on September 21, 2022, as the Charge remained pending, Mr. Denoia retained counsel, who, on September 28, 2022, filed an Amended Charge of Discrimination ("Amended Charge"), along with a letter of representation.

On December 31, 2022, upon the close of the fixed employment term, Mr. Denoia was terminated from his employment with Roche. According to the EEOC, this was also the last day on which Mr. Denoia reportedly accessed his online EEOC portal account, though he did not download any documentary records therefrom.

Approximately one month later, on February 1, 2023, Mr. Denoia informed his counsel that the Charge "appeared to be closed on the portal[ ] and that he no longer had access to it." *Id.* ¶ 25. That same day, Mr. Denoia's counsel contacted the EEOC requesting an update on Mr. Denoia's Charge. On February 6, 2023, the EEOC stated that "there was no record of Denoia's counsel representing him and refused to provide any documentation." *Id.* ¶ 26. After counsel forwarded the original September 28th email containing Mr. Denoia's Amended Charge and letter of representation, the EEOC disclosed that—apparently unbeknownst to either Mr. Denoia or his counsel—it had issued a right-to-sue letter on September 26, 2022. *See* Answer Ex. 1, dkt. 17-1. Mr. Denoia avers that he "never received" a right-to-sue letter, explaining that mail directed to his apartment complex is routinely delivered to the wrong mailbox. *Id.* ¶ 27.

On February 8, 2023, the EEOC acknowledged that Mr. Denoia had properly filed the Amended Charge on September 28th but indicated that it had declined to process the Amended Charge or open a new claim because, according to internal records, it had already

3

issued a right-to-sue letter on September 26th. The EEOC offered no explanation for its failure to inform Mr. Denoia's counsel that the right-to-sue letter had been issued by the time it received the Amended Charge. When Mr. Denoia's counsel requested documentation establishing when Mr. Denoia had received or accessed the right-to-sue letter, he was informed that the EEOC representative (with whom he had been communicating) had since resigned or was terminated from the EEOC.

On February 17, 2023, Mr. Denoia's counsel contacted a new EEOC representative, again asking for documentation establishing when Mr. Denoia had received notice of his right to sue. On February 21, the EEOC confirmed that the "Charging Party [did not access] the record until December 31, 2022," and that "there [was] no indication the Charging Party downloaded any documentation from his portal account." *Id.* ¶ 31.

Shortly thereafter, on February 27, 2023, Mr. Denoia filed the first Complaint, alleging one count of religious discrimination. Compl. ¶¶19–25, dkt. 1. On March 28, 2023, Roche moved for judgment on the pleadings, based on Mr. Denoia's failure to file the instant lawsuit within the ninety-day limitations period. Dkt. 13.

Following Mr. Denoia's termination in December 2022, he filed his second Charge of Discrimination ("Second Charge") with the EEOC and, on March 30, 2023, received notice of his right to sue. On April 5, 2023, Mr. Denoia filed the Amended Complaint (thereby mooting Roche's first motion for judgment on the pleadings), restating his Count I allegations and adding Count II for age discrimination under the ADEA and Count III for retaliation under Title VII and the ACRA.

On May 4, 2023, Roche moved for judgment on the pleadings, as to Count I only, arguing again that Mr. Denoia's allegations were untimely. Dkt. 18. That motion is fully briefed and now before us for ruling.

## DISCUSSION

In Count I, Mr. Denoia claims that Roche discriminated against him "by conditioning continued employment upon the abandonment of his sincerely held religious beliefs" and by facilitating "quid pro quo" harassment that created a hostile work environment. Am. Compl. ¶ 36, dkt. 15. This conduct, he alleges, constituted unlawful discrimination in violation of Title VII and the ACRA. As noted, Roche challenges here the timeliness of Mr. Denoia's Count I claims.

### I.   TITLE VII

A civil action brought pursuant to Title VII must be filed within ninety days of receiving a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1). "The 90-day period of limitation set forth in 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that the EEOC right-to-sue notice is actually received either by the claimant or by the attorney representing him in the Title VII action." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001), *cert. denied* 535 U.S. 970 (2002) (emphasis omitted) (quoting *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984)). Courts generally recognize "that a claimant should not lose the right to sue because of 'events beyond his or her control which delay receipt of the EEOC's notice.' " *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001) (quoting *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1316 (7th Cir. 1984)). "However, when the claimant does not receive the notice in a timely fashion due to [his]

own fault, the 'actual notice' rule does not apply." *Id.* (plaintiff at fault for failure to check her mail for six weeks); *e.g.*, *Alverno Coll.*, 744 F.2d at 1316–17 (plaintiff at fault for failure to notify the EEOC of address change).

Here, Mr. Denoia avers that he received actual notice of his right to sue on December 31, 2022, the final day of his employment. Am. Compl. ¶¶ 7, 31–32, dkt. 15. He brought this action less than two months thereafter, on February 27, 2023. Accepting these allegations as pled, Mr. Denoia's Count I claims fall comfortably within the ninety-day limitations period. *Beard v. United Parcel Serv., Inc.*, 20 C 01678, 2021 WL 5759163, *2 (N.D. Ill. Dec. 3, 2021).

Roche contends that Mr. Denoia's Count I claims are untimely because the EEOC issued the right-to-sue letter on September 26, 2022, but Mr. Denoia did not bring this lawsuit until almost five months later. According to Roche, the actual notice rule is unavailable here, where Mr. Denoia and his counsel failed to check the EEOC portal for several months, despite Mr. Denoia's purported awareness that his mail is regularly delivered to the wrong address. In being so "patently irresponsible," Roche argues, Mr. Denoia forfeited the benefit of the actual notice rule. Def.'s Reply 5, dkt. 22.

To support this conclusion, Roche relies on *Bobbit v. Freeman Companies*, where the Seventh Circuit held that the plaintiff's "failure to monitor her mail . . . preclude[d] her from relying on the actual notice rule." 268 F.2d at 539 (internal citation omitted). There, the plaintiff "attempt[ed] to blame her untimely receipt of the right-to-sue notice on her 'extensive travel schedule,' " but such explanation was "doomed by her own allegations." *Id.* at 538. Notwithstanding a handful of travel dates, the complaint contained no factual

6

averments explaining the plaintiff's "total failure to check [her] mail for more than a six-week period." *Id.* at 539. The court, therefore, "presume[d] [the] timely delivery of a properly addressed piece of mail" and concluded that her lawsuit, filed 139 days after the EEOC issued the right-to-sue notice, was untimely. *Id.*

Here, we find Roche's reliance on *Bobbitt* misplaced. Where the plaintiff in *Bobbit* neglected to monitor her mailbox for several weeks, Mr. Denoia alleges, in no uncertain terms, that he "never received the Right to Sue." That allegation alone rebuts the presumption that the EEOC's September 26th notice was timely delivered. *See Beard*, 2021 WL 5759163, at *3. At the pleading stage, "we must, ([even if] only provisionally) take [Mr. Denoia] at his word that, through no fault of his own, he first received" notice of his right to sue on December 31, 2022. *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009).[1]

## II.  ACRA

Arizona law provides that "[a]fter providing the notice a civil action may be brought against the respondent named in the charge by the charging party"; however, "[i]n no event shall any action be brought . . . more than one year after the charge to which the action relates has been filed." Ariz. Rev. Stat. Ann. § 41-1481(D). In other words, ACRA claimants have one year from the date of their charge to bring a lawsuit.

Mr. Denoia filed the Charge relevant to Count I on May 23, 2022, and initiated the instant lawsuit on February 27, 2023. By that measure, his claims are within the ACRA's one-year limitations period. Roche erroneously premises its timeliness argument on an

---

[1] Because we find the pleadings sufficient under the actual notice standard, we need not reach Mr. Denoia's equitable tolling argument at this time.

outdated version of the Arizona statute, which, before September 29, 2021, did impose a ninety-day limitations period. *See generally* Ariz. Rev. Stat. Ann. § 41-1481 (effective from July 24, 2014, to September 28, 2021). Based on current law, there can be no real dispute that Mr. Denoia's ACRA claim is timely.

Roche argues that Mr. Denoia's ACRA claim is nevertheless subject to dismissal because Mr. Denoia "never filed a verified charge[,] and his attempted amendment—sent in after the right-to-sue notice was issued—did not fix the error." Def.'s Reply 5, dkt. 22. In raising this affirmative defense, Roche bears "the burden of showing that the allegations of the complaint and [the] answer . . . conclusively defeat all of [Mr. Denoia's] claims as a matter of law." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 807 (7th Cir. 2020).

Though Mr. Denoia alleges that he filed an Amended Charge on September 28th (two days after the EEOC had issued a right-to-sue letter), the Amended Complaint contains no averments representing that the original Charge was unverified. Nowhere in the pleadings (i.e., the complaint, answer, or any attachments thereto, *see* Fed. R. Civ. P. 10(c)) has Roche demonstrated beyond doubt that the first Charge was unverified. Roche, therefore, has not conclusively defeated Mr. Denoia's claims as a matter of law. Without all the relevant facts available at this stage, we cannot properly dismiss Mr. Denoia's claims based on Roche's affirmative defense. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

## CONCLUSION

For the reasons explicated above, Roche's Motion for Judgment on the Pleadings is **DENIED**. Dkt. 18.

IT IS SO ORDERED.

Date: 1/30/2024

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David A. Campbell
LEWIS BRISBOIS BISGAARD & SMITH, LLP
david.a.campbell@lewisbrisbois.com

Andrew Dutkanych, III
BIESECKER DUTKANYCH & MACER LLC (Indianapolis)
ad@bdlegal.com

Hunter Edmonds
Gordon Rees Scully Mansukhani, LLP
hedmonds@grsm.com

Taylor Jon Ferguson
Biesecker Dutkanych & Macer, LLC
tferguson@bdlegal.com