UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL DENOIA, | : |
| | : CASE NO. 1:23-cv-00344-SEB-TAB |
| Plaintiff, | : |
| | : |
| v. | : JUDGE SARAH EVANS BARKER |
| | : |
| ROCHE DIAGNOSTICS | : |
| CORPORATION, | : Magistrate Judge Tim A. Baker |
| | : |
| Defendant. | : |

**DEFENDANT'S REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

In an attempt to make the appearance of a genuine issue of fact, Plaintiff Michael Denoia ("Plaintiff") has filed a thirty-five page, sixty-three footnote Response in Opposition (the "Opposition"). The Opposition, however, fails to dispute the facts that are material to summary judgment in favor of Roche Diagnostics Corporation ("Defendant" or "Roche") on all claims. *James v. Hale*, 959 F.3d 307, 315 (7th Cir. 2020). As set forth below, the material facts relied upon by Roche in its Motion for Summary Judgment are primarily based on Plaintiff's deposition testimony and the EEOC charge file.

Plaintiff failed to file a timely charge or to file a lawsuit within ninety days of receipt of the right-to-sue letter. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). The undisputed facts provide that Plaintiff never completed the charge process with the EEOC, never filed a charge with the Arizona civil rights commission, and then failed to file this lawsuit within ninety days of the right-to-sue notice being available to Plaintiff on the EEOC portal. In fact, the undisputed facts provide that Plaintiff had counsel **prior** to the issuance of the right-to-sue notice,

but counsel failed to act appropriately to file a valid charge of discrimination until seven months after being retained by Plaintiff – long after the 300 day window had passed. *Kennedy v. Reid Hosp. & Health Care Servs., Inc.*, 279 F.Supp.3d 819, 832 (S.D. Ind. 2017).

Summary judgment should also be granted based on the merits of Plaintiff's claims. Plaintiff cannot prove that he has a sincerely held religious belief because he testified that he does not like going to the doctor and does not "believe[]" in the COVID-19 vaccine. (Dep. Plaintiff at 46, 59, and 61). *Summers v. Whitis*, Case No. 4:15-cv-00093-RLY-DML, 2016 U.S. Dist. LEXIS 173222 **12-18 (S.D. Ind. Dec. 15, 2016). Moreover, Plaintiff admits that the position he held when the vaccination policy went into effect, the IT Service Engineer positon, is "customer-facing." (Dep. Plaintiff at 90 "Q. The ITSE positon that you held as of November 15, 2021, do you agree or disagree that it was customer-facing? A. Yes. It was"). Accordingly, because Plaintiff could not perform the essential functions of the IT Service Engineer position without the COVID-19 vaccination and it was administratively costly and difficult for Roche to accommodate non-vaccinated employees in customer-facing positions, Roche can prove an undue burden. *Kluge v. Brownsburg Cmty. Sch. Corp.*, 548 F. Supp. 3d 814, 844 (S.D. Ind. 2021).

Finally, Roche reasonably accommodated Plaintiff by permitting Plaintiff to seek out other positions. *Ansonia Bd. Of Educ. V. Philbrook*, 479 U.S. 60, 68 (1986). In fact, as conceded by Plaintiff, Plaintiff was able to locate an alternative positon. Accordingly, summary judgment should be entered in favor of Defendant on all claims asserted by Plaintiff and this matter should be terminated.

## II.     CLAIMS THAT ARE WAIVED

Before addressing the claims at issue, Defendant will briefly address the claims that have been waived. Footnote two confirms that Plaintiff's disparate treatment claims for age

discrimination and retaliation have been waived based on "insufficient evidence." (Opposition at fn. 2). Accordingly, judgment should be entered in favor of Defendant on Counts II and III of the Amended Complaint. (Doc. #15).

In addition, when deposed, Plaintiff made clear that the November 15, 2021, change in position due to the Policy was the only issue in this litigation. (Dep. Plaintiff at 16). The Opposition also does not address Plaintiff's termination of employment. (Opposition). Accordingly, this Court should enter judgment in favor of Roche on any claims arising out of Plaintiff's 2022 termination. (Doc. #15 at ¶22).

### III. PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

This Reply will separately address the arguments relating to the exhaustion of remedies and the merits because both issues are dispositive. As to the exhaustion of remedies issues, the facts and legal issues are simple and straightforward.

#### A. Plaintiff Did Not File A Timely Charge Of Discrimination.

Plaintiff is alleging that the November 15, 2021 change in position was the only issue in this litigation. (Dep. Plaintiff at 16). Plaintiff had 300 days to file a charge of discrimination with the EEOC. *Kennedy v. Reid Hosp. & Health Care Servs., Inc.*, 279 F.Supp.3d 819, 832 (S.D. Ind. 2017). Accordingly, Plaintiff has the burden of proving that he filed a charge no later than September 11, 2022.

Plaintiff has submitted an Affidavit[1], but the Affidavit does not address the charge filing issues set forth in the Opposition. (Plaintiff's Appendix at Ex. K). Rather, Plaintiff attaches an unsworn document purporting to be a charge of discrimination emailed to the EEOC on May 19,

---

[1] Plaintiff's Affidavit contradicts Plaintiff's sworn deposition testimony. Roche is filing a motion to strike portions of the Affidavit.

3

2022. (Opposition at 9 and Appendix Ex. V).[2] On May 23, 2022 – four days after the purported email -- Plaintiff and Roche were notified that the charge was not perfected. (Dec. Ricchio at Exs. 4-5). In fact, the Opposition concedes this fact. (Opposition at 10 ("the EEOC oddly determined on May 23, 2022, that said Charge was 'unperfected. . .'").

On July 21, 2022, Plaintiff spoke with an EEOC investigator about his allegations. (Dep. Plaintiff at Ex. 19). The EEOC notes reflect that "PCP **AGREED** NOT to file a Charge of Discrimination. (Dep. Plaintiff at Ex. 19, pg. 2). The EEOC Log notes also state that Plaintiff "does not want to file a charge." (Dec. Ricchio at Exhibit 3, pg. 6). Nonetheless, in order to provide Plaintiff with every opportunity to file a charge, the EEOC sent an email to Plaintiff on July 22, 2022. (Dec. Ricchio at Ex. 7). The email attached a proposed charge of discrimination. (Dec. Ricchio at Ex. 7). Plaintiff was asked to either sign the charge or to "submit any requested edits via the body of this email." (Dec. Ricchio at Ex. 7).

The EEOC Log does not reflect that Plaintiff submitted a signed charge after the July 22, 2022 email. (Dec. Ricchio at Ex. 3). On September 26, 2022 – two weeks after Plaintiff's deadline to file a charge -- the right to sue notice was mailed to Plaintiff. (Dec. Ricchio at Ex. 8). Based on these undisputed facts, Plaintiff failed to file a charge of discrimination within 300 days of the November 15, 2021 change in position. *Kennedy*, 279 F.Supp.3d at 832.

B.  **Plaintiff Failed To Timely File This Lawsuit.**

In addition to failing to file a timely charge, Plaintiff also failed to timely file this lawsuit. Plaintiff had 90 days to file this lawsuit after receiving the right-to-sue notice. 42 U.S.C. §2000e-5(f)(1); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). The right-to-sue notice

---

[2] There is no evidence this document was "filed," but there is absolutely no evidence that a document that was not even filed by the EEOC was somehow dual filed in Arizona. Accordingly, the Arizona claim fails as a matter of law.

4

was issued on September 26, 2022. (Dec. Ricchio at Ex. 8). The Complaint in this lawsuit was filed on February 27, 2023 – well past the 90 day time period. (Doc. #1).

The right to sue notice was mailed to Plaintiff at his Tucson, Arizona residence, 737 N. Alvernon Way, Apartment B9, Tucson, Arizona 85711. (Dec. Ricchio at Ex. 8). Plaintiff admits that the mailing address on the right to sue notice is correct. (Dep. Plaintiff at 99). Plaintiff further admits that he has his own mailbox. (Dep. Plaintiff at 101). Plaintiff was not traveling in late 2022. (Dep. Plaintiff at 101-102). Plaintiff finally admits that he was receiving mail in 2022. (Dep. Plaintiff at 101). The receipt date of a right-to-sue letter is "is presumed to be five days from the mailing date," unless the Plaintiff proves otherwise. *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989). If Plaintiff's "proof" is sufficient – simply denying that he received the notice in the mail – then there are no right-to-sue notice requirements in this Court because a plaintiff can simply deny they received the mail.

More importantly, however, the EEOC has moved to an online portal to avoid these situations. Due to the online portal, courts now presume the notice is received the day the EEOC emails the charging party. *McNaney v. Sampson and Morris Grp., Inc.*, No. 21-1809, 2022 WL 1017388 *4 (W.D. Pa. April 5, 2022); *Paniconi v. Abington Hospital – Jefferson Health*, 604 F.Supp. 3d 290, 293 (E.D. Pa. 2022); *Moore v. R1 RCM*, No. 22-2216, 2023 WL 3047431 *2 (C.D. Ill. April 4, 2023). In this matter, Plaintiff admits that he was given a username and password so he could access the EEOC portal. (Dep. Plaintiff at 96). Plaintiff further admits that he checked the EEOC portal every couple of weeks. (Dep. Plaintiff at 94). In addition, Plaintiff communicated with the EEOC through his personal email address. (Dec. Ricchio at Ex. 3). Plaintiff was notified, through his personal email address, when new documents were posted on the EEOC portal. (Dec. Ricchio at Ex. 3). On September 26, 2022, Plaintiff received email notice that there was a new document available through the

EEOC portal. (Dec. Ricchio at Ex. 3). The Log further reflects that on October 4, 2022 the EEOC again emailed Plaintiff to let him know that a document was available for review on the EEOC portal. (Dec. Ricchio at Ex. 3).

Moreover, on September 21, 2022, five days before the notice was issued, Plaintiff retained counsel. (Doc. #15 at ¶20). Plaintiff gave his counsel his EEOC portal information. (Dep. Plaintiff at 99). The undisputed facts provide that Plaintiff and Plaintiff's counsel had access to the online portal when the right-to-sue notice was issued; their alleged failures to check the portal do not "'postpone the beginning of the 90-day clock to file a civil suit simply by refusing or neglecting to access the portal.'" *Moore*, 2023 WL 3047431 at \*2 (*citing Mason v. Derryfield Sch.*, 2022 WL 16859666 at \*3 (D.N.H. Nov. 7, 2022)). Counsel's failure to check the EEOC portal is not grounds for equitable tolling nor evidence that the EEOC caused the untimely lawsuit. (Opposition at 20). Put simply, Plaintiff's counsel's involvement in this case at the right-to-sue notice stage leaves no doubt that this lawsuit is untimely.

### IV. THE CLAIMS ALSO FAIL ON THE MERITS

Summary judgment should also be granted on the merits. Plaintiff's deposition confirms the lack of a genuine issue of material fact for trial. As to Plaintiff's failure to accommodate claim, Plaintiff bears the burden to prove his *prima facie* case. *Kluge v. Brownsburg Cmty. Sch. Corp.*, 64 F.4th 861, 883 (7th Cir. 2023). If Plaintiff is able to satisfy his *prima facie* case, then the burden shifts to Roche to prove an undue hardship. *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 449 (7th Cir. 2013).

#### A. Plaintiff Cannot Prove A Sincerely Held Religious Belief.

As with his exhaustion of administrative remedies arguments, Plaintiff seeks to have this Court lower the bar to permit any claims to survive summary judgment. Plaintiff is not a member

6

of an organized church. (Dep. Plaintiff at 47). Despite not attending a church, Plaintiff argues that a plaintiff merely parroting that his "body was a temple," the "Mark of the Beast," and the vaccine may involve fetal cells is enough to prove a sincerely held religious belief. (Opposition at 23). However, Plaintiff cannot escape his own deposition testimony that confirmed the following: (1) Plaintiff has been vaccinated and he has never objected to any medical procedure based on religion. (Dep. Plaintiff at 58-59 and 66); (2) Plaintiff simply does not like going to the doctor. (Dep. Plaintiff at 59 and 61); and (3) Plaintiff does not "believe[]" in the COVID-19 vaccine. (Dep. Plaintiff at 46).

This Court in *Summers v. Whitis*, Case No. 4:15-cv-00093-RLY-DML, 2016 U.S. Dist. LEXIS 173222 \*\*12-18 (S.D. Ind. Dec. 15, 2016), held that personal beliefs, no matter how closely held, do not gain protection under Title VII. *Id.* at \*\*17-18. The *Summers* reasoning is widely accepted. *Finkbeiner v. Geisinger Clinic*, 623 F.Supp.3d 458 (M.D.Pa. 2022). In *Finkbeiner,* the District Court recently addressed a plaintiff's claim based on religious belief allegations similar to those asserted by Plaintiff. Specifically, the plaintiff in *Finkbeiner* alleged that she was exempt from the COVID-19 vaccine based on her Christian status:

> I am a Christian and hold a sincere religious belief that I have a God given right to make my own choices regarding what is good or bad for me. The Bible says that man has free will and I am using my free will, granted to me by God, to reject the vaccine. I have faith in my own immune system and the ability for my own body to heal itself. With the 99% plus survival rate from Covid, I do not feel injecting chemicals into my body is a better choice than what my own immune system can do with fighting this virus, should I contract Covid.

*Id.* at 463. The plaintiff further supplemented her statement with bible verses and alleged health concerns arising from the vaccination. *Id.*

7

The *Finkbeiner* court found that Plaintiff's theory of religious freedom "would amount to a 'blanket privilege' and a 'limitless excuse for avoiding all unwanted. . . . obligations.'" *Id.* at 465 (*citing Africa v. Commonwealth of Pennsylvania*, 662 F.2d 1025, 1030-1031 (3rd Cir. 1981)). Moreover, the court found that "her statement only reinforces that her opposition stems from her medical beliefs," not sincerely held religious beliefs. *Id.* at 466. Based on these holdings, the plaintiff's state and federal religious discrimination claims were dismissed with prejudice. *Id.* As with the plaintiffs in *Finkbeiner* and *Summers*, Plaintiff has elected not to take the COVID-19 vaccination based on his personal disapproval of the vaccine. Plaintiff has every right to his opinion, but his personal opinion does not create a federal cause of action.

**B.     Defendant Can Prove An Undue Hardship.**

If Plaintiff is able to satisfy his *prima facie* case, then the burden shifts to Roche to prove that it could not accommodate Plaintiff's religious belief or practice without causing undue hardship. The Opposition goes to great lengths to escape Plaintiff's deposition testimony on his IT Service Engineer position. However, the undisputed facts provide that this position is customer-facing.

Prior to the COVID-19 Pandemic, Plaintiff admits that his position required him to regularly visit customer sites. (Dep. Plaintiff at 38). In fact, Plaintiff admitted that up to 20% of his hours worked were on-site with customers. (Dep. Plaintiff at 38). Plaintiff admits that the six IT Service Engineers got so busy prior to the COVID-19 Pandemic that consultants would sometimes have to be hired to help the group meet customer demand. (Dep. Plaintiff at 40-41). Finally, to leave no doubt, Plaintiff admits that the IT Service Engineer position is "customer-facing." (Dep. Plaintiff at 90 "Q. The ITSE position that you held as of November 15, 2021, do

8

you agree or disagree that it was customer-facing? A. Yes. It was"). Plaintiff's customers were laboratories and hospitals. (Dep. Plaintiff at 38).

In 2022, once the Policy was implemented, the IT Service Engineer position returned to regular customer contact. (Dec. Ebrahim at ¶¶ 17 and 27). In-person customer meetings are an essential function of the IT Service Engineer position. (Dec. Ebrahim at ¶ 30). Plaintiff admits that he has no direct evidence of the duties and responsibilities of the IT Service Engineer position after November 15, 2021. (Dep. Plaintiff at 107).

The Declaration of Arman Ebrahimi confirms the undue hardship. (Dec. Ebrahimi at 21). Ebrahimi managed Plaintiff's department before and after the vaccination policy went into effect. (Dec. Ebrahimi at 1-7). The Declaration confirms that the IT Service Engineer position is customer-facing, that other IT Service Engineers considered not being vaccinated, but elected to follow the Policy, and that it would be administratively impossible for Ebrahimi to manage the department with non-vaccinated IT Service Engineers. (Dec. Ebrahimi at 15-26). The Supreme Court in *Groff* recently held that a requested accommodation presents an undue hardship when it creates a substantial burden with respect to the employer's overall business. *Groff v. Dejoy*, 143 S.Ct. 2279, 2294 (2023); *see also Kluge v. Brownsburg Cmty. Sch. Corp.*, 64 F.4th 861, 884 (7th Cir. 2023) (citing *TWA v. Hardison*, 432 U.S. 63 (June 16, 1977)).

The Opposition fails to identify an issue of fact for trial. The Opposition tries to argue that employees holding positions other than the IT Service Engineer position should be considered, that this Court should reject affidavit testimony presented by Roche, and that Roche's conclusions of the problems associated with non-vaccinated employees visiting customers on-site should be rejected. (Opposition at 30-34). However, Plaintiff's testimony confirms the essential functions of his position and Roche has presented substantial evidence that it could not accommodate

9

employees in customer-facing roles who were not vaccinated. Accordingly, because Plaintiff could not perform the essential functions of the IT Service Engineer position and it was administratively costly and difficult for Roche to accommodate non-vaccinated employees in customer-facing positions, Roche can prove an undue burden. *Kluge v. Brownsburg Cmty. Sch. Corp.*, 548 F. Supp. 3d 814, 844 (S.D. Ind. 2021) ("BCSC was not required to allow an accommodation that unduly burdened its 'business' in this manner"); *Russo v. Patchogue-Medford School Dist.*, Case No. 22-CV-01569-HG-SIL, 2024 WL 149131 *5 (E.D.N.Y. Jan. 12, 2024) (the district court recently held that the undue hardship analysis should examine the essential functions of the positon and the employer's judgment regarding what functions of a position are essential).

### C.      **Plaintiff Was Provided An Accommodation.**

Finally, Plaintiff's religious accommodation claim fails because Plaintiff was accommodated. The Supreme Court has held that "any reasonable accommodation by the employer is sufficient to meet its accommodation obligation." *Ansonia Bd. Of Educ. V. Philbrook*, 479 U.S. 60, 68 (1986). In addition, an employee is not entitled to an accommodation of her choice, *i.e.* only wearing a facemask, just a reasonable one. *Wright v. Runyon*, 2 F.3d 214, 217 (7th Cir. 1993).

Plaintiff was given a reasonable accommodation – the opportunity to seek out alternative positions within Roche. Such an opportunity has been found reasonable as a matter of law. *Wright v. Runyon*, 2 F.3d 214, 217 (7th Cir. 1993) (giving employee opportunity to bid on jobs that would have accommodated his religious practice was reasonable accommodation); More importantly, Plaintiff found an alternative position in 2021. *Rodriguez v. City of Chicago*, 156 F.3d 771, 776 (7th Cir. 1998) (noting that shift change or job transfer may be reasonable accommodation "particularly when such changes do not reduce pay or cause loss of benefits"). Plaintiff admits

10

that he learned that his religious views were not a problem if he was in a non-customer-facing position with Roche. (Dep. Plaintiff at 76). The Opposition provides no contrary legal or factual arguments. (Opposition at 34-35). Accordingly, Plaintiff was accommodated under the Policy and his religious accommodation claim fails as a matter of law.

## V.   CONCLUSION

Based on the above-cited arguments and authorities, there are no genuine issues of material fact and summary judgment should be entered in favor of Defendant on all claims asserted by Plaintiff.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Gordon Rees Scully Mansukhani, LLP
600 Superior Ave., East, Suite 1300
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
Email: dcampbell@grsm.com

Hunter T. Edmonds (#37701-29)
Gordon Rees Scully Mansukhani, LLP
600 E. 96th Street, Suite 501
Indianapolis, IN 46240
T: (317) 713-0905
  hedmonds@grsm.com

*Attorneys for Defendant Roche Diagnostic Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2024, a copy of the foregoing pleading was filed using the Court's CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

                                                */s/ David A. Campbell*
                                                David A. Campbell