**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MICHAEL DENOIA, | : | |
| | : | CASE NO. 1:23-cv-00344-SEB-TAB |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE SARAH EVANS BARKER |
| | : | |
| ROCHE DIAGNOSTICS | : | |
| CORPORATION, | : | Magistrate Judge Tim A. Baker |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO STRIKE CERTAIN PARAGRAPHS
OF PLAINTIFF'S AFFIDAVIT IN SUPPORT OF HIS RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION.**

Defendant Roche Diagnostics Corporation ("Defendant" or "Roche") Motion[1] and summary judgment briefing contain many citations to Plaintiff Michael Denoia's ("Plaintiff") deposition testimony. The deposition testimony cited by Defendant in the Motion and summary judgment briefing confirm that Plaintiff's affidavit attached to his opposition to Defendant's motion for summary judgment (the "Affidavit") is inconsistent with Plaintiff's prior deposition testimony.

Incredibly, Plaintiff's Opposition[2] contains very few citations to Plaintiff's deposition testimony. Rather, the Opposition generally alleges that the paragraphs contained in Plaintiff's affidavit (the "Affidavit") attached to his opposition to Defendant Roche Diagnostics Corporation

---

[1] For purposes of this reply, "Motion" refers to Defendant's Motion to Strike Certain Paragraphs of Plaintiff's Affidavit in Support of his Response in Opposition to Defendant's Motion for Summary Judgment.
[2] For purposes of this reply, "Opposition" refers to Plaintiff's Response in Opposition to Defendant's Untimely Motion to Strike Certain Paragraphs of Plaintiff's Affidavit in Support of his Response in Opposition to Defendant's Motion for Summary Judgment.

1

("Defendant" or "Roche") do not contradict his prior deposition testimony. In fact, the Opposition goes so far as to entirely misrepresent Plaintiff's Affidavit and the evidence and issues at the heart of this matter. Indeed, Plaintiff takes the position in the Opposition that Defendant never questioned Plaintiff concerning his EEOC charge during his deposition. The extensive deposition testimony cited in the Motion and in the summary judgment briefing prove this statement to be false.

Finally, as to the subject of the Paragraphs at issue in the Motion – Paragraphs 3, 15, and 16 – Plaintiff's arguments are unavailing. As to Paragraph 3, Plaintiff attempts to convince this Court that he performed in-person customer roles only 0.1% of the time – despite testifying that these duties comprised as much as twenty percent of his role. (Deposition of Plaintiff (hereinafter "Dep. Plaintiff at __") at 38-39). Moreover, Plaintiff downplays the significance of both he and his counsel receiving notice of the right to sue letter at the time of its issuance – defeating this lawsuit in its entirety. Importantly,

> "notice to an attorney's office which is acknowledged by a representative of that office qualifies as notice to the client, and the practical effect of a contrary rule would be to create uncertainty by encouraging factual disputes about when actual notice was received."

*Irwin v. Department of Veteran Affairs*, 498 U.S. 89 (1990).

Accordingly, this Court should grant the Motion and grant Defendant's motion for summary judgment.

II. **LAW AND ARGUMENT.**

    A. **The Motion Is Timely.**

Plaintiff first argues in the Opposition that Defendant's Motion is untimely. Plaintiff is incorrect. Local Rule 56-1(i) provides that

> "the court disfavors collateral motions – such as motions to strike – in the summary judgment procedure. Any dispute over the admissibility or effect of evidence must be raised through an objection to the party's brief."

First, Defendant raised in its Reply its objection to Plaintiff's affidavit and the inconsistencies therein. To be sure, Defendant noted on the third page that:

> "Plaintiff's Affidavit contradicts Plaintiff's sworn deposition testimony. Roche is filing a motion to strike portions of the Affidavit."

(Reply at 3, n1.).

> Second, Defendant set forth in its Reply the facts that prove the contradictory paragraphs contained within Plaintiff's Affidavit. Indeed, Defendant cited to relevant portions of Plaintiff's deposition that confirm the contradictory statements contained in Plaintiff's Affidavit and support the Motion. (*See*, i.e,, Dep. Plaintiff at 38, 49, 90, 94, 96, 99, and Ex. 19).

Finally, Local 56-1(i) does not preclude the filing of collateral motions. Importantly, the Motion provides this Court with detailed analysis and citations to Plaintiff's deposition that confirm that Paragraphs 3, 15, and 16 of the Affidavit are inconsistent with Plaintiff's prior deposition testimony and should be stricken.

Accordingly, the Motion is timely, consistent with the Local Rules of this Court, and should be reviewed and ruled upon on the merits by this Court.

### B. The Opposition Confirms The Inconsistencies Contained In The Affidavit.

#### 1. Plaintiff's In-Person Duties Were Not "Rare."

The portion of Paragraph 3 relevant to the Motion is as follows:

> "That is because the overwhelming majority of my former job duties were remote and in the rare time I had to visit a customer, I was not required to submit to credentialing."

(Affidavit at ¶ 3).

3

Plaintiff contends in the Opposition that Defendant simply "misunderstands" Plaintiff's testimony. (Opposition at 2). Specifically, Plaintiff alleges that Paragraph 3 is not inconsistent with Plaintiff's deposition because:

> "'Rare' is defined as unusual/uncommon. Defining a duty that became less and less frequent (i.e. .1%) as 'rare' or 'unusual/uncommon' does not contract Denoia's prior testimony but is instead consistent."

However, Plaintiff testified as his deposition that his in-person customer duties were far more than ".1%". In fact, Plaintiff testified that the duties of his position would require him to travel to customer sites as much as ***twenty percent of the time***. (Dep. Plaintiff at 38-39). Plaintiff further testified that he performed these in-person duties up until Roche provided him with a temporary, non-customer-facing position on November 15, 2021. (Dep. Plaintiff at 90). Plaintiff further confirmed that these were important duties, as the purpose of the customer visits would be to help install Defendant's products and software. (Dep. Plaintiff at 40).

Accordingly, Paragraph 3 of the Affidavit contradicts Plaintiff's prior deposition testimony and must be stricken. *See James v. Hale*, 959 F.3d 307, 315 (7th Cir. 2020) ("the sham-affidavit rule prohibits a party from submitting an affidavit that contradicts the party's prior deposition or other sworn testimony.").

### 2. Plaintiff Was Questioned On His EEOC Charge During His Deposition.

Incredibly, Plaintiff takes the position in the Opposition that he was never questioned at his deposition concerning the EEOC charge at issue in this lawsuit. (Opposition at 2-3). Plaintiff's statements are false and are entirely inconsistent with the record in this matter and Plaintiff's own Affidavit.

To be sure, Paragraph 15 of the Affidavit states the following:

- Paragraph 15: "After having to accept a lessor role, I filed a Charge with the EEOC on May 19, 2022. Because I went through the EEOC process on my own, it was very confusing."

Plaintiff alleges that Paragraph 15 of the Affidavit refers to a May 19, 2022 EEOC charge attached as Exhibit V to Plaintiff's opposition to Defendant's summary judgment motion. (Opposition at 2). Plaintiff alleges that Defendant never inquired about this specific EEOC charge. (Opposition at 2).

However, Paragraph 16 of Plaintiff's Affidavit goes on to address the arguments concerning when Plaintiff received the right to sue letter with respect to the EEOC charge at issue in this lawsuit and referenced in Paragraph 15 of the Affidavit:

- Paragraph 16: After filling my initial EEOC Charge, I never received the EEOC issued Right to Sue via mail or email. I did not access said Right to Sue until December 31, 2022.

Importantly, Plaintiff confirmed at his deposition that he filed only two EEOC charges. (Dep. Plaintiff at 102). As to the first EEOC charge, Plaintiff testified to first attempting to file his EEOC charge in January of 2022. (Dep. Plaintiff at 93). Plaintiff was presented with a copy of the charge as Exhibit 16 to his deposition. (Dep. Plaintiff at Ex. 16). Plaintiff testified extensively concerning this EEOC charge, the process he went through to file the EEOC Charge, and the subject of the EEOC charge. (Dep. Plaintiff at 91-101).

Plaintiff also testified extensively concerning the EEOC right to sue letter he received in connection with the first EEOC charge. Plaintiff was questioned about the right to sue letter itself and when it was issued. (Dep. Plaintiff at 97-98). Plaintiff was questioned about whether he was retained by counsel when he received the right to sue letter. (Dep. Plaintiff at 96-98). Plaintiff was also questioned when he received the right to sue letter, where the right to sue letter would have been sent, and when he first saw the right to sue letter. (Dep. Plaintiff at 95-102).

Accordingly, it is clear that Paragraph 15 concerns the EEOC charge at issue in this lawsuit – the same EEOC charge for which Plaintiff provided extensive testimony at his deposition. Thus, Plaintiff's statements in the Opposition are false.

Plaintiff does not dispute or otherwise address the arguments concerning the inconsistent statements contained in Paragraph 15 of the Affidavit that are at issue in Defendant's Motion. Accordingly, this Court should grant the Motion with respect to Paragraph 15 because Plaintiff has not addressed the arguments at issue in the Motion.

The Motion with respect to Paragraph 15 should also be granted on the merits. Plaintiff testified that he believed he filed his EEOC charge in January 2022. (Dep. Plaintiff at 93). Plaintiff's first charge is an unperfected charge. (Dep. Plaintiff at Ex. 16). Plaintiff admits that he was given a username and password so he could access the EEOC portal. (Dep. Plaintiff at 96). Plaintiff further admits that he checked the EEOC portal every couple of weeks. (Dep. Plaintiff at 94).

Plaintiff testified that he understood the steps of the EEOC process involved him filing a Charge and waiting for an EEOC investigator to contact him about that charge. (Dep. Plaintiff at 93-95). On July 21, 2022, Plaintiff spoke with an EEOC investigator about his allegations. (Dep. Plaintiff at Ex. 19). The EEOC notes reflect that "PCP **AGREED** NOT to file a Charge of Discrimination. (Dep. Plaintiff at Ex. 19, pg. 2). Plaintiff recalls this conversation. (Dep. Plaintiff at 111). Accordingly, Paragraph 15 should be stricken.

        **3.     Paragraph 16 Of The Affidavit Is Inconsistent.**

Finally, as to Paragraph 16 of the Affidavit, Plaintiff provides no argument or reason to rebut the Motion other than generally alleging that it does not contradict his prior deposition testimony. As set forth above, Paragraph 16 states the following:

- Paragraph 16: After filling my initial EEOC Charge, I never received the EEOC issued Right to Sue via mail or email. I did not access said Right to Sue until December 31, 2022.

Plaintiff was presented with the right to sue letter at his deposition. (Dep. Plaintiff at 97-98 and Ex. 18). Plaintiff confirmed that he was represented by counsel prior to receiving the notice of right to sue. (Dep. Plaintiff at 96-98). Plaintiff further admitted that he provided his counsel with his EEOC login and password so that his counsel could utilize the EEOC portal. (Dep. Plaintiff at 99). Plaintiff further testified that he expected his counsel to handle the EEOC matter and to check the EEOC portal on his behalf. (Dep. Plaintiff at 99-102). Federal law is consistent that:

> "notice to an attorney's office which is acknowledged by a representative of that office qualifies as notice to the client, and the practical effect of a contrary rule would be to create uncertainty by encouraging factual disputes about when actual notice was received."

*Irwin v. Department of Veteran Affairs*, 498 U.S. 89 (1990).

Accordingly, Plaintiff cannot dispute the fact that he received notice of the right to sue when his attorney had access through the EEOC portal concerning the notice. Accordingly, Paragraph 16 of the Affidavit must be stricken.

## IV. **CONCLUSION**

Based on the foregoing arguments and authorities, the Court should grant this Motion and strike paragraphs 3, 15, and 16 from Plaintiff's affidavit for purposes of considering Defendant's motion for summary judgment.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Gordon Rees Scully Mansukhani, LLP
600 Superior Ave., East, Suite 1300
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
Email: dcampbell@grsm.com

Hunter T. Edmonds (#37701-29)
Gordon Rees Scully Mansukhani, LLP
600 E. 96th Street, Suite 501
Indianapolis, IN 46240
T: (317) 713-0905
hedmonds@grsm.com

*Attorneys for Defendant Roche Diagnostic Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2024, a copy of the foregoing pleading was filed using the Court's CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

*/s/ David A. Campbell*
David A. Campbell